UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLENE BRATTON, )
 as Next Friend of her minor child, D.B., )
  Plaintiff, )
v. ) No.
 )
ROBERT VAN MIERLO, ) JURY TRIAL DEMANDED
  Serve: 3031 Telegraph Road )
   St. Louis, MO 63125 )
  Defendant. )

## COMPLAINT

Comes now Plaintiff, D.B., by and through her Next Friend, Charlene Bratton, and for her cause of action against Defendant, Robert Van Mierlo states:

1. D.B. is a minor child residing in the Eastern District of Missouri, Eastern Division.

2. D.B.'s Next Friend is Charlene Bratton, who is her mother and also resides in the Eastern District of Missouri, Eastern Division.

3. Defendant Robert Van Mierlo is a police officer sued in both his individual and official capacities. Mr. Van Mierlo resides in the Eastern District of Missouri, Eastern Division.

4. All the events referred to herein occurred in the Eastern District of Missouri, Eastern Division.

5. During or about the afternoon of July 25, 2012, D.B. and Ms. Bratton were peaceably shopping at the South County Mall in St. Louis County, Missouri.

6. Then and there, within full public view and hearing and without provocation from Ms. Bratton, Defendant initiated a confrontation with Ms. Bratton which soon became physical.

7. Prior to such confrontation, Ms. Bratton had committed no act in Defendant's presence that gave rise to probable cause to believe she was committing a crime.

8. The confrontation upset and frightened D.B., and she was crying.

9. D.B. was not engaged in any physical contact with Defendant and was not threatening to come into any sort of physical contact with Defendant.

10. Defendant Van Mierlo then used physical force against D.B., including specifically the use of two different taser discharges directed and aimed at D.B.

11. One of the taser discharges by Defendant struck D.B. in the center/upper area of her chest.

12. Another of those taser discharges by Defendant struck D.B. in another area of her body. Defendant's use of force caused D.B. to fall, thus further injuring her knee and other parts of her body.

13. Taser discharges into a person's chest area are considered particularly painful and dangerous, posing a high risk of heart stoppage and other hazards.

14. D.B. was then a twelve year old girl.

15. The physical force used by Defendant against D.B. was intentional.

16. Defendant's actions were unreasonable and not necessary to protect anyone from D.B. or to arrest D.B.

17. Defendant's actions were extreme, outrageous, and malicious, done with reckless disregard for D.B.'s health and safety.

18. As a direct and proximate result of Defendant's actions, D.B. suffered, and has suffered, and will continue to suffer physical pain and injury, as well as mental and emotional pain and injury, including but not limited to permanent scars on her body, ongoing coughing, as well as past, present, and future emotional and mental distress and suffering.

COUNT I – Section 1983, Excessive & Unreasonable Force

19. Plaintiff re-states, re-alleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 1 – 18 hereof.
20. Defendant's actions as alleged herein were taken under color of state law.
21. Defendant acted as set out herein attempting to accomplish a seizure of D.B.
22. Defendant's use of force against D.B. was excessive and unreasonable under the circumstances, and was not a necessary response to any actual or threatened danger, violence, or flight, thus violating the United States Constitution Fourth Amendment's prohibition against unreasonable seizure.
23. Defendant has maintained, incorrectly, that his actions in using such taser discharges against a twelve year old girl were reasonable and lawful, thus indicating that he would, and intends to, act in a similar fashion in similar future circumstances, and Defendant has maintained his position as a St. Louis County police officer thus indicating his employer's support of such intention, for which such future actions there is no adequate remedy at law.

WHEREFORE, Plaintiff prays this Court enters judgment against Defendant and in favor of Plaintiff under the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, awarding Plaintiff a sufficient sum within said judgment to compensate her for her

damages, for punitive damages, for equitable relief including a preliminary and permanent injunction prohibiting Defendant from using taser discharges, and especially multiple taser discharges, against twelve-year old (and younger) children, and from using them in a manner which strikes such children in the chest, for costs and attorneys' fees, and for such further relief as this Court deems just.

Count II – Battery

24. Plaintiff re-states, re-alleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 1 – 18, and 23, hereof.

25. D.B. did not consent to the physical force used against her.

26. The taser discharges amounted to offensive touchings of D.B. to which she did not consent.

WHEREFORE, Plaintiff prays this Court enters judgment against Defendant and in favor of Plaintiff under the Missouri tort of battery, awarding Plaintiff a sufficient sum within said judgment to compensate her for her damages, for punitive damages, for equitable relief including a preliminary and permanent injunction prohibiting Defendant from using taser discharges, and especially multiple taser discharges, against twelve-year old (and younger) children, and from using them in a manner which strikes such children in the chest, for costs and attorneys' fees, and for such further relief as this Court deems just.

MARK ZOOLE & ASSOCIATES

/s/ Mark H. Zoole_____
Mark H. Zoole #38635M
P.O. Box 190549
St. Louis, MO 63119
(314) 223-0436
zoole@sbcglobal.net